Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2996 | **DATE** | 9/10/2012 |
| **CASE TITLE** | Demarko Deion Williams (K63465) vs. Chicago Police Department, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to reconsider the Court's June 26, 2012 dismissal order (Dkt. No. 6), is granted. The June 26, 2012 dismissal order (Dkt. No. 5), is vacated, and the Clerk is instructed to reopen this case. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 9), is granted. The Court orders the trust fund officer at the Plaintiff's place of incarceration to deduct $7.33 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The clerk shall issue summonses for service on Defendants Skarupinski and Byrne and send Plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. Defendants Chicago Police Department, Benson, Stacker, and Jackson are dismissed. The United States Marshals Service is appointed to serve all Defendants. Plaintiff's motion for appointment of counsel (Dkt. No. 7), is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

     Pro se Plaintiff Demarko Deion Williams, an Illinois Department of Corrections inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Plaintiff notes that he was under the impression that his case was assigned to Judge Coleman. The Court informs Plaintiff that his case is before this Court. Plaintiff should write Judge Amy J. St. Eve and his case number of No. 12 C 2996 on all filings.

     Plaintiff's submitted his original proposed complaint in April 2012. He did not submit the $350 filing fee or *in forma pauperis* application with the case. (Dkt. No. 4). Plaintiff was given until June 21, 2012 to bring the IFP petition or pay the fee. He did neither, and his case was dismissed without prejudice. (Dkt. No. 5). The Court closed the case number but did not enter a judgment because of the dismissal without prejudice.

     Two months after the dismissal, Plaintiff brings present motion for leave to proceed *in forma pauperis* (Dkt. No. 9), and motion for reconsideration of the prior dismissal. (Dkt. No. 6). Plaintiff explains that he has not been receiving legal mail in a timely fashion, and has experienced significant difficulty obtaining his prison trust fund account ledger. His motion is supported by copies of envelopes addressed to the Court that were returned to sender due to a lack of proper postage, and several prior requests for his trust fund account. The Court is satisfied that Plaintiff diligently attempted to comply with its prior orders, and his failure to bring a timely IFP petition was not solely his fault.

## STATEMENT

The Court's prior order dismissing this case without prejudice was not a ruling on the merits so Plaintiff has an opportunity to cure the original defect resulting in the dismissal. *Glaus v. Anderson*, 408 F.3d 382, 390 (7th Cir. 2005). The dismissal order was not a final and appealable order because additional proceedings could occur in the case if Plaintiff corrected the situation. *Chase Manhattan Mortgage Corp. v. Moore*, 446 F.3d 725, 726-27 (7th Cir. 2006). Thus, the Court may reconsider the prior dismissal order as an interlocutory order. *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012).

The Court grants Plaintiff's motion to reconsider the original dismissal because he presents new evidence that was not previously available to the Court, and this evidence excuses his failure to bring a timely IFP petition. The dismissal order was without prejudice and so it would had had no estoppel effect on future litigation. Furthermore, the alleged civil rights violation occurred in 2011. Thus, there is no statute of limitations concerns. The Court is not depriving Defendants of any potential defense by reinstating the case. There is no prejudice to either side by granting this motion.

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 9), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.33. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Turning to the initial review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff alleges that Chicago Police Officers Chris Skarupinski and Joseph Byrne used excessive force during an arrest in April 2011. Plaintiff may proceed with a Fourth Amendment excessive force claim against Skarupinski and Byrne. *Common v. City of Chicago*, 661 F.3d 940, 943 (7th Cir. 2011) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

Plaintiff also names Defendant Chicago Police Department, and Officers Jackson, Stacker, and Bensen. The Chicago Police Department is a non suable entity. *Lewis v. City of Chicago*, 496 F.3d 645, 645 n.1 (7th Cir. 2007). Plaintiff does not allege that Officers Jackson, Stacker and Bensen had any personal involvement with the alleged assault. "A Plaintiff must plead that each government official Defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff cannot proceed against these Defendants. Should he wish to proceed against Jackson, Stacker and Bensen, he must properly plead that they were personally involved with violating his constitutional rights.

Should Plaintiff wish to proceed against Jackson, Stacker and Bensen, or any other Defendant, Plaintiff should be aware that there is a two year statute of limitations for his claims. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Plaintiff must submit a proposed amended complaint naming these Defendants within the statute of limitations period if he wishes to proceed against them. *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).

Should Plaintiff decide to submit a proposed amended complaint, he must write both the

| STATEMENT |
|---|

case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each Defendant named in the proposed amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

The clerk shall issue summonses for service on Defendants Skarupinski and Byrne and send Plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. Defendants Chicago Police Department, Benson, Stacker, and Jackson are dismissed without prejudice. The United States Marshals Service is appointed to serve all defendants. Any service forms necessary for the Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employees who no longer can be found at the work address provided by Plaintiff, the City of Chicago / Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendants pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel (Dkt. No. 7), is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent Plaintiff, this Court considers whether: (1) Plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se Plaintiff. *Jackson v. Kotter*, 541 F.3d at 700 (quoting *Pruitt*, 503 F.3d at 655).

This is a routine conditions and excessive force case that is often litigated by pro se prisoners. Plaintiff has successfully submitted a complaint stating a claim and participated in motion practice. Counsel

| **STATEMENT** |
|---|
| is not necessary for Plaintiff at this time. |